IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.                               Case Nos.:        4:14cr51/RH/CAS
                                                    4:17cv358/RH/CAS

GABRIEL SCOTT HAMDA,
     Reg. No. 23021-017,
     Defendant.

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed by Defendant Gabriel Scott Hamda ("Hamda"). (ECF No. 68.) The Government has filed a response (ECF No. 71) and Hamda filed a reply. (ECF No. 74.) The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After review of the record, the undersigned recommends that the § 2255 motion be denied without an evidentiary hearing. *See* Rules Governing Section 2255 Cases 8(a) and (b).

## I. BACKGROUND

Gabriel Scott Hamda was charged in a two-count indictment on August 5, 2014, with possession with intent to distribute various controlled substances[1] ("Count One") and possession of a firearm by a convicted felon. ("Count Two"). (ECF No. 1.) The charges stemmed from a December 8, 2013 shooting at a Tallahassee nightclub. Law enforcement developed probable cause to believe Hamda was the shooter, and on December 13, 2013, they arrested him and searched his home pursuant to a warrant, which is when they discovered drugs and weapons. Hamda was charged in both state and federal court as a result.

Hamda was represented in this court by Joseph Frans Debelder of the Office of the Federal Public Defender. Mr. Debelder filed a motion to suppress all evidence seized during a search of Hamda's home based on alleged deficiencies in the affidavit supporting the warrant. (ECF No. 18.) The court denied the motion without a hearing on October 14, 2014. (ECF

---

[1] Count one involved "lysergic acid diethylamide, commonly known as "LSD," 3,4-methylenedioxy-N-methylcathinone, commonly known as "molly," marijuana, alprazolam, clonazepam, and lorazepam" and charged Hamda's possession of same was in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(C), (841(b)(1)(D) and 841(b)(2). (ECF No. 1 at 1.)

Case Nos.: 4:14cr51/RH/CAS; 4:17cv358/RH/CAS

No. 20.) A change of plea hearing was set for October 16, 2014, and Hamda did not enter a guilty plea at that time. (ECF Nos. 21, 22.)

Hamda filed a second motion to suppress. (ECF No. 25.) On November 10, 2014, the court denied this motion after a hearing. It found that two unconstitutional searches of Hamda's residence which took place before law enforcement secured a valid warrant did not taint the third search because no evidence was uncovered during the first two searches and law enforcement would have secured the warrant in any event. (ECF Nos. 34, 58.)

Hamda entered a conditional guilty plea on November 20, 2014, pursuant to a written plea agreement and sealed supplement, reserving the right to appeal the court's denial of the motions to suppress. (ECF Nos. 37, 38.) The final Presentence Investigation Report ("PSR") reflected a total offense level of 25 and a criminal history category of III, yielding an advisory guidelines range of 70 to 87 months' imprisonment. (ECF No. 42.) The court sentenced Hamda to concurrent 70-month terms of imprisonment on each count. (ECF Nos. 46, 47, 60.)

On appeal, Hamda argued that the district court erred in denying his motions to suppress. The Eleventh Circuit found no error and affirmed.

(ECF No. 63.) The Supreme Court denied Hamda's petition for a writ of certiorari on May 1, 2017 (ECF No. 66), and Hamda timely filed the instant motion in August of 2017. (ECF No. 68 at 5.) He raises four claims of ineffective assistance of counsel. The Government opposes the motion.

## II. ANALYSIS

### A. Mootness

The undersigned has confirmed that Hamda was released from the Bureau of Prisons on January 11, 2019. Hamda has neither provided the court with an updated address, nor indicated a continued desire to pursue § 2255 relief. However, this case has not been rendered moot by Hamda's release.

Once attached, federal jurisdiction is not automatically defeated by the release of a defendant before the section 2255 motion is resolved. *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). A defendant who is serving a term of supervised release, for instance, is still subject to restrictions on his liberty which could be affected if he prevails in an action challenging his conviction and sentence. *See Dawson v. Scott*, 50 F.3d 884, 886 n. 2 (11th Cir. 1995) (*citing Jago v. Van Curen*, 454 U.S. 14, 21 n. 3 (1981)); *see also Davis v. United States*, 696 F. App'x 431, 434 n.2 (11th

Cir. 2017) (denying motion to dismiss § 2255 motion as moot because, although defendant had completed his prison term, he had not yet served his term of supervised release).   Hamda's sentence included a three-year term of supervised release, and therefore the motion is not moot and will be considered on its merits.

B. Standard of Review

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing."   *Spencer v. United States*, 773 F. 3d 1132, 1138 (11th Cir. 2014).   Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to section 2255 are extremely limited.   A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.   *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).   "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"   *Lynn*

*v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). Ineffective assistance of counsel claims generally are not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012).

C. <u>Ineffective assistance of counsel</u>

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315. "[T]he fact that a particular defense ultimately proved to

be unsuccessful [does not] demonstrate ineffectiveness." *Chandler*, 218 F.3d at 1314.

To establish prejudice, defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*). In the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203–04 (2001).

To establish ineffective assistance, a defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)). Furthermore, counsel is not constitutionally deficient for failing to preserve

or argue a meritless claim. *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).

1. <u>Jurisdiction of the Federal Court</u>

Hamda asserts that his attorney was constitutionally ineffective because counsel did not challenge the jurisdiction of the federal court after the state court violated the 180-day Speedy Trial rule. He claims

"violations of due process clause of the 14th Amendment and all violations that occur in state are federal violations."  What the state court did or did not do has no bearing upon *this* court's jurisdiction, and Hamda may not challenge his state conviction in this forum.[2]  Furthermore, the Eleventh Circuit has held that the "right to a speedy trial has repeatedly been held to be non-jurisdictional, both before and after the passage of the Speedy Trial Act."  *United States v. Pierre,* 120 F. 3d 1153, 1155 (11th Cir. 1997) (citation omitted); *United States v. Wilson*, 292 F. App'x 895, 896 (11th Cir. 2008).  Counsel was not constitutionally ineffective for failing to raise a meritless jurisdictional challenge based on an alleged Speedy Trial violation.  *Denson*, 804 F. 3d at 1342.

    2. <u>Petition for Rehearing or Certiorari</u>

Hamda asserts that counsel was constitutionally ineffective because he did not file a motion for rehearing with the Eleventh Circuit or a petition

---

[2] The state case against Hamda stemming from the shooting and the discovery of drugs at his residence was resolved in April of 2015 when he pled no contest to the charges against him.  (ECF No. 71, Exh. C & D.)  The state court judge sentenced him to three years imprisonment to run concurrently with the instant federal sentence.  According to the Florida Department of Corrections website, Hamda was in custody of the State of Florida from May 12, 2015 until November 24, 2016.

Case Nos.: 4:14cr51/RH/CAS; 4:17cv358/RH/CAS

for certiorari with the Supreme Court after Hamda requested he do so. Hamda has not shown a Sixth Amendment violation under *Strickland*.

A defendant's right to appointed counsel extends to the first appeal of right, and no further, i.e. not to "discretionary appeals". *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (citing *Wainwright v. Torna*, 455 U.S. 586 (1982); *Ross v. Moffit*, 417 U.S. 600 (1974)). Both a rehearing of a direct appeal and review by the Supreme Court are discretionary, and thus do not give rise to a constitutional right to counsel. *See Moore v. Cockrell*, 313 F. 3d 880, 882 (5th Cir. 2002); *Moffit,* 417 U.S. at 618-19; Fed. Rule App. P. 35 & 40. Therefore, Hamda did not have a right to counsel to pursue additional review of his conviction, and there could have been no constitutional deprivation.

Even if he had such a right, Hamda has not shown prejudice. Pursuant to Rule 40(a)(2) of the Federal Rules of Appellate Procedure, a petition for a panel rehearing "must state with particularity each point of law of fact that the petitioner believes the court has overlooked or misapprehended." Hamda has identified none. A petition for a rehearing en banc must certify that the panel decision conflicts with a decision of the Supreme Court or the court to which the petition is addressed, or that the

proceeding involves one or more questions of exceptional importance, such as a conflict with authoritative decisions of other appellate courts. Fed. R. App. P. 35(b)(1). Again, Hamda offers no basis for such a certification.

Similarly, the Supreme Court grants petitions for certiorari only for "compelling reasons" enumerated in Rule 10 of the United States Supreme Court Rules. A petition for a writ of certiorari "is rarely granted when the asserted error consists of erroneous factual findings or the misapplication of a properly stated rule of law." U.S. Sup. Ct. Rule 10. No compelling reasons are apparent from the record.

Hamda, proceeding pro se, unsuccessfully petitioned for rehearing and a writ of certiorari. (See ECF No. 71-1 at 43-44, Exh. G, Eleventh Circuit docket sheet.) He has not established that the petitions would have been granted had an attorney prepared them instead. Additionally, he has not identified any arguments that, in hindsight, could have been made that would have resulted in either the Eleventh Circuit or the Supreme Court granting review. No relief is warranted on this claim.

3. <u>Validity of the Indictment</u>

Hamda asserts that counsel's performance was constitutionally deficient because counsel did not move to dismiss the indictment for "lack

Case Nos.: 4:14cr51/RH/CAS; 4:17cv358/RH/CAS

of jurisdiction based on warrantless search--Magistrate that signed warrant was under investigation and counsel failed to investigate whether the warrant was valid."  (ECF No. 68 at 4.)

The validity of the federal indictment is unrelated to the validity of the state search warrant that led to the evidence giving rise to the charges in this case.  An indictment need only charge the defendant with violating a valid federal statute as enacted in the United States Code to allege an offense against the laws of the United States and thereby invoke the district court's subject matter jurisdiction.  *United States v. Grimon*, 923 F. 3d 1302, 1305 (11th Cir. 2019) (quoting *United States v. Brown*, 752 F. 3d 1344, 1354 (11th Cir. 2014); *see also Alikhani v. United States*, 200 F. 3d 732, 734-35 (11th Cir. 2000)).  The indictment in this case comported with that requirement.

Hamda's allegations against the judge who signed the search warrant are conclusory and unsupported.  He does not provide information from which this court can conclude that the unspecified "investigation" was somehow related to the signing of the warrant or affected the validity of same.  Nor has he suggested that counsel contemporaneously knew or had reason of know that the judge was "under investigation."  Without such

knowledge, counsel cannot have been expected to investigate the fitness of the judicial officer who signed the warrant.   Even assuming the truth of Hamda's allegations about a pending investigation, there is nothing in the record that would suggest any irregularity with the warrant in this case, or that law enforcement would not have been entitled to rely upon the warrant.  *See United States v. Martin*, 297 F. 3d 1308, 1312-1313 (11th Cir. 2002) (applying the good faith exception to the exclusionary rule established in *United States v. Leon*, 468 U.S. 897, 922 (1984)).   For instance, the alleged existence of an investigation of the judge does not establish that, as to the issuance of the warrant in question here, the "issuing magistrate wholly abandoned his [or her] judicial role."   Leon, 468 U.S. at 923.

      Finally, Hamda's assertion that counsel did not challenge the warrant is belied by the fact that counsel filed two motions to suppress the evidence against his client, which included a challenge to the validity of the search warrant.   (ECF No. 25 at 8.)   Hamda's suggestion that counsel did not competently litigate the Fourth Amendment claim cannot prevail because he has not shown the existence of a meritorious challenge to the warrant.  *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *Green v. Nelson*, 595 F.3d 1245, 1251-52 (11th Cir. 2010).   He has not

demonstrated, for instance, a substantial showing of a "deliberate falsehood or reckless disregard for the truth," in the affidavit supporting the issuance of the warrant. *Franks v. Delaware*, 438 U.S. 154, 171 (1978) (cited in *Green v. Nelson*, 595 F.3d 1245, 1252 (11th Cir. 2010)). Therefore, Hamda's third claim of ineffective assistance of counsel, including all subparts, is without merit and should be denied.

4. <u>Guideline Enhancement for Stolen Firearm</u>

Finally, Hamda asserts that counsel was constitutionally ineffective because he did not object to the application of a two-level sentencing enhancement for possession of a stolen firearm. (ECF No. 65 at 4.)

Hamda's total offense level of 25 included: (1) a two-level adjustment because the offense conduct involved three firearms, (2) a four-level adjustment because Hamda possessed the firearms and ammunition in connection with drug offenses, and (3) a two-level adjustment because one of the three firearms, a Ruger .380 caliber pistol, was stolen. (ECF No. 42, PSR ¶¶ 24-26.) The latter adjustment, made pursuant to U.S.S.G. § 2K2.1(b)(4), applies "regardless of whether the defendant knew or had reason to believe that the firearm was stolen or had an altered or obliterated serial number." U.S.S.G. § 2K2.1(b)(4), comment. (n.8(B)).

Had counsel made the objection Hamda now proposes, the Government would only have had to prove two facts by a preponderance of the evidence: that the gun was stolen and Hamda possessed it. *United States v. Philidor*, 717 F. 3d 883, 885 (11th Cir. 2013).   It did not have to prove either that he knew the weapon was stolen or he personally was responsible for the theft.

As to the first prong, law enforcement determined one of the three guns Hamda possessed had been reported stolen in January of 2012. (ECF No. 42, PSR ¶ 12; ECF No. 58 at 23.)   Hamda does not dispute the veracity of this statement.

Next, the Government would have had to prove possession.   In his initial motion, Hamda did not challenge the application of the two-level adjustment for possession of between three and seven weapons. U.S.S.G. § 2K2.1(b)(1)(A).   Thus, it would appear he tacitly conceded possession.   In his reply, however, he asserts that at the suppression hearing his girlfriend "confessed" that she was the owner of all three weapons found in the residence, and counsel should have challenged the number of firearms attributed to him as well.   (ECF No. 74 at 9.)   Hamda's recollection is mistaken, as DeGagne did not so testify.   (ECF No. 58 at

100-120 (testimony of Brittany DeGagne).)   Regardless, possession was readily established by the record.

The undisputed facts in the PSR reflect that although Ms. DeGagne claimed ownership of one of the three guns providing the basis for the enhancement, Hamda had access to all three of the guns, and it was he who placed two guns in Ms. DeGagne's suitcase.   (ECF No. 42, PSR ¶¶ 13, 14.)   Hamda's control and dominion over his residence, in addition to his proximity to the suitcase where guns were located, as described by Ms. DeGagne, would have sufficed to establish constructive possession.   *See, e.g., United States v. Flanders*, 752 F. 3d 1317, 1332 (11th Cir. 2014) (citing *United States v. Poole*, 878 F. 2d 1389, 1392 (11th Cir. 1989)).   The fact that Ms. DeGagne claimed ownership of one of the weapons did not negate Hamda's accountability for the weapon, because constructive possession need not be exclusive.   *Poole*, 878 F. 2d at 1392.

Therefore, both the enhancement for Hamda's possession of the stolen weapon, as well as the enhancement for his possession of three to seven weapons, were properly applied.   A challenge to either adjustment would not have been successful, and counsel cannot be constitutionally ineffective for his failure to make a meritless objection.   *See, Lattimore v.*

*United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel was not ineffective for failing to make a meritless objection to an obstruction enhancement).

### III.  CONCLUSION

An evidentiary hearing is not necessary for this court to resolve Hamda's claims because "the motion and files and records conclusively show that the prisoner is entitled to no relief."  *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015).  For the foregoing reasons, the court finds that Hamda has not shown that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.  Therefore, Hamda's motion should be denied in its entirety.

### IV.  CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of

Case Nos.: 4:14cr51/RH/CAS; 4:17cv358/RH/CAS

appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (ECF No. 68) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 20th day of August, 2019.

<u>s/ Charles A. Stampelos</u>
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.